Michael Doggett
DOGGETT LAW OFFICES, PLLC
2120 S. Reserve St., #130
Missoula, MT 59801
Telephone: (406) 442-1160
Facsimile: (406) 258-0398
E-mail:  mike@doggettlawoffice.net
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| TERESA JOHNSTON and JOHN DOES 1-5<br><br>Plaintiffs,<br><br>vs.<br><br>HAGADONE MONTANA PUBLISHING, LLC and JOHN DOES I-XXX,<br><br>Defendants. | Cause No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff TERESA JOHNSTON, by and through counsel of record DOGGETT LAW OFFICES, P.L.L.C., alleges as follows:

## I.   JURISDICTION AND VENUE

1. This is an employment action arising from Defendant's wrongful discharge and constructive discharge of the Plaintiff. This action is brought pursuant to Montana law, specifically the Wrongful Discharge from Employment Act.

1

2. Jurisdiction and venue are proper before this Court because the acts and omissions alleged herein occurred within the jurisdiction of this Court in Lincoln County, Montana and there is complete diversity of jurisdiction. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs. Defendant is a sole-member limited liability company organized under the laws of the State of Nevada. Its sole member is Hagadone Investment Co., incorporated under the laws of Nevada with its principal place of business in Nevada.

## II.   PARTIES

3. Plaintiffs incorporate all paragraphs of this Complaint as if alleged in this Section.

4. Plaintiff Teresa Johnston is a resident of Lincoln County, Montana.

5. Defendant Hagadone Montana Publishing, LLC is a resident of Nevada. Defendant Hagadone Montana Publishing, LLC operates several newspapers in Montana, including the Western News in Libby, Montana where the Plaintiff was employed.

6. John Does 1-5 are unidentified and unknown plaintiffs who may be substituted into this cause of action as their identities are discovered.

7. John Does I-XXX are unidentified and unknown defendants who may be substituted into this cause of action as their identities are discovered.

### III. ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff incorporates all paragraphs of this Complaint as if alleged in this Section.

9. Plaintiff began working for the Defendant in 1989. At the time of her termination, Plaintiff made approximately $42,000 per year in salary. Plaintiff also received other benefits including four weeks of paid vacation, medical insurance, life insurance, a retirement plan, paid sick leave, and a medical flex spending account. The total benefit package for Plaintiff was approximately $60,000 per year.

10. Plaintiff worked at the Western News, one of the many Montana newspapers owned by Defendant. The Defendant owns several newspapers in Western Montana.

11. Throughout her tenure while employed with the Defendant, Plaintiff was an exemplary employee who made the newspaper many thousands of dollars and built good relationships with advertisers throughout the Western News' general circulation in and around Libby, Montana and Lincoln County.

12. While employed by the Defendant, Plaintiff developed PTSD and anxiety as a direct result of her treatment by her employer during her employment.

In particular, the Plaintiff was frequently berated, belittled, and forced by her employer to tolerate and engage in immoral and illegal activity.

13. Plaintiff was forced by her employer to clear credit balances from customer accounts even though those customers did not order any advertising or products.

14. Plaintiff was forced by her employer to run ads that were not approved or purchased by her customers to generate revenue for her employer.

15. Plaintiff witnessed her supervisor stealing money from the till and reported the behavior. The individual the Plaintiff reported the behavior and told the Plaintiff the matter was dealt with. However, as a direct result of the Plaintiff's whistleblowing, the Plaintiff's supervisor engaged in a protracted campaign of psychological torment and inappropriate behavior directed towards the Plaintiff.

16. The Plaintiff was eventually placed on medical leave on or about March 5, 2019.

17. On or about May 31, 2019, the Plaintiff's mental health provider informed the Defendant that the Plaintiff was unable to return to work with the Defendant.

18. On or about July 1, 2019, the Defendant sent a letter to the Plaintiff's medical provider confirming the Defendant's understanding that the Plaintiff had not been released to work, and further confirming that the Plaintiff's medical

provider could not give a precise date or expected duration when the Plaintiff would be released to return to work.

19. On or about July 16, 2019, despite knowing that the Plaintiff's medical provider could not give a precise date when the Plaintiff would be released to work, Defendant demanded a note from the Plaintiff's mental health provider confirming that she would be able to return to work.

20. Plaintiff could not obtain a note from her medical provider because her medical condition and the work environment still rendered her unable to return to work.

21. Despite being on medical leave and unable to return to work due to her medical condition, Defendant terminated Plaintiff on July 30, 2019 while Plaintiff was still on medical leave.

22. Plaintiff completed Defendant's probationary period of employment at the time of her termination.

## IV. COUNT I: WRONGFUL DISCHARGE FROM EMPLOYMENT — ABSENCE OF GOOD CAUSE

23. Plaintiff restates and reincorporates each paragraph of this Complaint as if set forth specifically in this Count.

24. In Montana, a discharge is wrongful if the discharge was not for good cause and the employee had completed the employer's probationary period of employment under MCA 39-2-904(1)(b).

25. Plaintiff had completed the Defendant's probationary period of employment.

26. Defendant terminated Plaintiff without good cause related to her employment.

27. Defendant's termination of Plaintiff was wrongful under Montana law, including but not limited to Montana's Wrongful Discharge from Employment Act.

28. Plaintiff suffered damages as a result of the Defendant's wrongful discharge of Plaintiff.

## V.     COUNT II: WRONGFUL DISCHARGE FROM EMPLOYMENT—EMPLOYEE'S REFUSAL TO VIOLATE PUBLIC POLICY

29. Plaintiffs re-allege all paragraphs in this Complaint as if contained fully in this Count.

30. In Montana, a discharge is wrongful if the discharge if it was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy.  MCA 39-2-904(1)(a).

31. Defendant discharged Plaintiff in retaliation for Plaintiff's refusal to violate public policy and for reporting violation(s) of public policy.

32. Defendant's termination of Plaintiff was wrongful under Montana law, including but not limited to Montana's Wrongful Discharge from Employment Act.

33. Plaintiff suffered damages as a result of the Defendant's wrongful discharge of Plaintiff.

### VI. COUNT III: CONSTRUCTIVE DISCHARGE

34. Plaintiffs re-allege all paragraphs in this Complaint as if contained fully in this Count.

35. Plaintiff voluntary terminated her employment because of an intolerable working environment created by acts and omissions of the Defendant.

36. An objective, reasonable person would find Plaintiff's working conditions so intolerable that voluntary termination was her only reasonable alternative.

37. The Defendant's constructive discharge caused Plaintiff damages, including lost wages up to the statutory maximum amount allowed by law.

WHEREFORE, Plaintiffs request the following relief:

A. For four years of lost wages and benefits for the Defendant's wrongful discharge of the Plaintiff;

B.    Punitive damages caused by the Defendant's actual malice;

C.    For compensatory damages;

D.    For costs and attorney fees in prosecuting this action; and

E.    Such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues appropriate to be tried before a jury.

DATED this 29th day of July 2020.

S/ MICHAEL C. DOGGETT

Michael Doggett
DOGGETT LAW OFFICES, PLLC
2120 S. Reserve St., #130
Missoula, MT 59801
Telephone: (406) 442-1160
Facsimile: (406) 258-0398
E-mail:  mike@doggettlawoffice.net

Attorney for Plaintiff